J-S42028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LEWIS FRYE | |
| Appellant | No. 1600 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001945-2012
CP-26-CR-0001946-2012

------------------------------------------------------------------------------------

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LEWIS FRYE | |
| Appellant | No. 1625 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001945-2012
CP-26-CR-0001946-2012

BEFORE:  SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 31, 2016**

_____

[*] Former Justice specially assigned to the Superior Court.

In this consolidated appeal, Alexander Lewis Frye appeals, *pro se*,[1] from the order dated September 14, 2015, in the Court of Common Pleas of Fayette County, dismissing, without a hearing, his petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.[2] Frye raises one issue in this timely appeal; he claims the PCRA court erred in determining his sentence was not illegal pursuant to **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) and related Pennsylvania case law. After a thorough review of the submissions by the parties, relevant law and the certified record, we affirm.

With no need to delve deeply into the factual or procedural history of this matter, we note that Frye entered into an open guilty plea to two counts of aggravated indecent assault of a minor, regarding his improper touching of two children, ages four and five at the times of the assaults. He received an aggregate sentence of 13 to 35 years' incarceration. He filed a direct appeal, which afforded him no relief. **See Commonwealth v. Frye**, 106 A.3d 157 (unpublished memorandum) (filed August 11, 2014). Pursuant to

---

[1] Appointed PCRA counsel filed a **Turner**/**Finley** no-merit letter with the PCRA court and was allowed to withdraw from this matter.

[2] On January 6, 2014, Frye entered into an open plea on two counts of aggravated indecent assault of a child. The counts were on separate bills of information representing the separate identities of the two victims. Frye filed identical PCRA petitions for each count. The PCRA court entertained the two petitions at the same time and disposed, in identical fashion, the two petitions at the same time.

the official docket, our Supreme Court denied allowance of appeal on January 2, 2015.[3] Frye filed this PCRA petition on April 16, 2015, well within the one-year time limit to file a PCRA petition. As noted above, appointed counsel was ultimately granted permission to withdraw, the petition was denied without a hearing, following Pa.R.Crim.P. 907 notice, on September 14, 2015. This *pro se* appeal was filed on October 13, 2015. On October 21, 2015, the PCRA court ordered Frye to file a Pa.R.A.P. 1925(b) "concise statement of matters complained of on appeal." ***See*** Order, 10/21/2015. The order further noted that any issue not included in the Rule 1925(b) statement would be deemed waived. No Pa.R.A.P. 1925(b) statement was filed.

There are a myriad of reasons why this appeal fails. The first of which is Frye did not comply with the PCRA court's directive to file a 1925(b) statement. Accordingly, the issue has been waived:

> PCRA appellants, in order to preserve their claims for appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived.

***Commonwealth v. Butler***, 812 631, 633-34 (Pa. 2002) (citation omitted).

Additionally, we note: (1) Frye's Appellant's Brief fails to comply with even the most rudimentary requirements of the Rules of Appellate

---

[3] Frye apparently filed for both allocatur and allowance of appeal. Allocatur was denied on December 29, 2014.

procedure;[4] and (2) Frye argues his mandatory minimum sentence is illegal under **Alleyne**, **supra** – however, Frye did not receive a mandatory minimum sentence.[5] Accordingly, even if the issue had not been waived, he would still not be entitled to relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016

_____

[4] The "brief" is one and one-half pages, handwritten on legal pad, claiming his sentence is illegal under **Alleyne** and a claim of illegal sentence is not waivable. **See Commonwealth v. Hardy**, 918 A.2d 766 (Pa. Super. 2007) (failure of brief to conform to the Rules of Appellate Procedure may result in waiver).

[5] **See** Sentencing Orders, 3/21/2014; PCRA Court notice of dismissal, 9/14/2015.